IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JERAL DURANT HENDERSON, §<br>　　　　Plaintiff, §<br> §<br>v. §<br> §<br>DEPARTMENT OF EDUCATION, §<br>　　　　Defendant. § | No. 3:22-cv-01702-S (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeral Durant Henderson filed this *pro se* civil action on August 5, 2022. (ECF No. 3). Henderson failed to file a complaint in compliance with Federal Rule of Civil Procedure 8(a)[1], and he also failed to pay the $402.00 filing fee or file a proper motion for leave to proceed *in forma pauperis*. Accordingly, on August 8, the Court sent Henderson a Notice of Deficiency and Order (ECF No. 5), which ordered him to file his

---

[1] Rule 8(a) provides:

　A pleading that states a claim for relief must contain:

　　(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

　　(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

　　(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

1

complaint in compliance with Federal Rule of Civil Procedure 8(a), and also to pay the filing fee or file a proper request to proceed *in forma pauperis*. The Order informed Henderson that failure to respond and cure these deficiencies by September 8 could result in a recommendation that his case be dismissed.

On August 11, Henderson filed an amended complaint (ECF No. 6). However, the content of this filing is irrelevant to this lawsuit, and it fails to comply with Rule 8(a). Thus, on August 16, the Court sent Henderson a Second Notice of Deficiency and Order (ECF No. 7). The Order reminded Henderson that he had failed to file a complaint in compliance with Rule 8(a), and also to pay the filing fee or file a proper request to proceed *in forma pauperis*. The Order informed Henderson that failure to respond and cure these deficiencies by September 16 could result in a recommendation that his case be dismissed.

On August 19, Henderson filed document, which consists in part of the court-approved form for the complaint in a civil case and a portion of the court-approved form for a request to proceed *in forma pauperis*. Henderson provided the names for three defendants, but otherwise, both forms are incomplete and unsigned. (ECF No. 8.) Henderson's filing does not set forth any claims or the relief he seeks by this lawsuit, and the filing does not comply with Rule 8(a). Henderson also filed a 30-page (single-spaced) document entitled "Filing Fee: 302.00." (ECF No. 9 at 1.) The

2

information contained in the document seems irrelevant to this lawsuit. For example, he discusses such ideas as building a shipping container home in Louisiana. This document fails to remedy any of the deficiencies previously noted by the Court.

In sum, Henderson has failed to cure the deficiencies noted by the Court in its August 8 and August 16 orders, and the time for doing so has passed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Henderson failed to comply with the Court's orders to file his complaint in compliance with Federal Rule of Civil Procedure 8(a), and also to pay the filing fee or file a proper request to proceed *in forma pauperis.*

3

The Court cannot screen his claims, and this litigation cannot proceed until he cures these deficiencies.

Henderson has failed to prosecute his lawsuit and also failed to obey two court orders. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Henderson's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed September 21, 2022.

                REBECCA RUTHERFORD
                UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).